IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| SHERYL KOLACKI,<br>Individually and on behalf of others<br>similarly situated, | ) <br> ) <br> ) <br> ) | |
| Plaintiffs, | ) <br> ) | |
| v. | ) <br> ) | CIVIL ACTION FILE<br>NO. _____ |
| MORGAN & MORGAN ATLANTA<br>PLLC, MORGAN & MORGAN<br>ATLANTA MANAGEMENT, INC.<br>and JUSTIN MILLER | ) <br> ) <br> ) <br> ) <br> ) | |
| Defendants. | ) | JURY TRIAL DEMANDED |

## COLLECTIVE ACTION COMPLAINT FOR DAMAGES

COMES NOW Plaintiff Sheryl Kolacki who files this lawsuit against

Defendant Morgan & Morgan Atlanta PLLC, Morgan & Morgan Atlanta

Management, Inc., and Justin Miller (hereinafter collectively "Defendants"), and

show the following:

## Nature of Complaint

### 1.

Plaintiff brings this action to obtain full and complete relief and to redress

the unlawful employment practices described herein.

### 2.

This action seeks declaratory relief, liquidated and actual damages for

Defendants' failure to pay federally mandated overtime wages to Plaintiff in violation of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. §201 *et seq*. (hereinafter "FLSA") during Plaintiff's employment with Defendants (hereinafter referred to as the "relevant time period").

## **Jurisdiction and Venue**

3.

The jurisdiction of this Court is invoked pursuant to 29 U.S.C. §216(b), and 28 U.S.C. §1343(4).

4.

Defendant Morgan & Morgan Atlanta PLLC (hereinafter "Morgan & Morgan"), Inc. may be served by delivering a copy of the summons and complaint to its registered agent, National Registered Agents, Inc., 3675 Crestwood Parkway, Suite 350, Duluth, Georgia 30096.

5.

Defendant Morgan & Morgan Atlanta Management, Inc. (hereinafter "M&M Management"), Inc. may be served by delivering a copy of the summons and complaint to its attorney, Denise Wheeler, Ford Harrison LLP, 1514 Broadway, Suite 203, Fort Myers, FL 33901.

6.

The unlawful employment practices alleged in this Complaint were

committed within this District at Plaintiff's work location: 191 Peachtree Street NE, Suite 4200, Atlanta, Georgia 30303.  In accordance with 28 U.S.C. § 1391, and LR 3, Northern District of Georgia, venue is appropriate in this Court.

## Parties

### *Plaintiff*

7.

Plaintiff has been employed as paralegal at Morgan & Morgan's Atlanta, Georgia office during the three years prior to the filing of this lawsuit.

8.

Plaintiff has consented in writing to be a party to the FLSA claims in this action pursuant to 29 U.S.C. §216(b).  Plaintiff's signed consent form is filed with this Court contemporaneously with this Complaint.  Should additional plaintiffs join this action, their signed consent forms will be timely filed with this Court.

### *Proposed Collective Definition*

9.

 "Plaintiff and others similarly situated" (the "FLSA Collective") is defined as all persons who work or have worked as paralegals at Morgan & Morgan's offices who have worked unpaid "off-the-clock" overtime hours within the three years prior to the filing of this lawsuit and up to the entry of judgment in this case.

***Defendants***

10.

Defendant Morgan & Morgan is a foreign corporation licensed to do business in Georgia.

11.

Defendant M&M Management is a foreign corporation not registered in Georgia and was the payor on Plaintiff's paychecks.

12.

Defendant Justin Miller may be served with process by delivering a copy of the summons and complaint to his work address at 191 Peachtree Street NE, Suite 4200, Atlanta, Georgia 30303.

## **Factual Allegations**

13.

Morgan & Morgan is a law firm with offices located throughout Florida, the Southeast, including Atlanta, and the Northeast.

14.

At all times material hereto, Morgan & Morgan has been an "enterprise engaged in commerce or in the production of goods for commerce" as defined in the FLSA § 6(a), 29 U.S.C. §§ 203(s)(1) and 206 (a).

15.

At all times material hereto, Morgan & Morgan had two or more "employees engaged in commerce" as defined by 29 U.S.C. § 203(s)(1)(A).

16.

At all times material hereto, Morgan & Morgan had two or more "employees" engaged in the "production of goods for commerce" as defined in 29 U.S.C. § 203(s)(1)(A).

17.

At all times material hereto, Morgan & Morgan had two or more "employees handling, selling or otherwise working on goods or materials that have been moved in or produced for commerce by any person." as defined in 29 U.S.C. § 203(s)(1)(A).

18.

The "goods" referenced in the previous paragraph include, but are not limited to legal services, credit card terminals, telephones, Internet, and facsimile.

19.

In all relevant years, Morgan & Morgan had an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated) within the meaning of 29 U.S.C. § 203(s)(1)(A).

20.

M&M Management is a company performing payroll services for, *inter alia,* Morgan & Morgan's Atlanta office.

21.

At all times material hereto, M&M Management has been an "enterprise engaged in commerce or in the production of goods for commerce" as defined in the FLSA § 6(a), 29 U.S.C. §§ 203(s)(1) and 206 (a).

22.

At all times material hereto, M&M Management had two or more "employees engaged in commerce" as defined by 29 U.S.C. § 203(s)(1)(A).

23.

At all times material hereto, M&M Management had two or more "employees" engaged in the "production of goods for commerce" as defined in 29 U.S.C. § 203(s)(1)(A).

24.

At all times material hereto, M&M Management had two or more "employees handling, selling or otherwise working on goods or materials that have been moved in or produced for commerce by any person." as defined in 29 U.S.C. § 203(s)(1)(A).

25.

The "goods" referenced in the previous paragraph include, but are not limited to payroll services, credit card terminals, telephones, Internet, and facsimile.

26.

In all relevant years, M&M Management had an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated) within the meaning of 29 U.S.C. § 203(s)(1)(A).

27.

At all times for three years prior to the filing of the instant complaint, Defendants have employed paralegals at Morgan & Morgan.

28.

At all times for the three years prior to the filing of the instant complaint, Defendants have allowed paralegals to work "off-the-clock" without compensation.

29.

At all times for the three years prior to the filing of the instant complaint, Defendants have classified paralegals as non-exempt hourly employees.

30.

Plaintiff worked over forty hours in some weeks she worked for

Defendants.

31.

Plaintiff Sheryl Kolacki started working as a paralegal at Morgan & Morgan in March 28, 2012.  She earned an initial hourly wage of $23.56 which rose to $25.48 at her resignation in January 2015.

32.

Plaintiff estimates that she worked an average of 50 hours per week during her employment at Morgan & Morgan.

33.

Plaintiff was paid for some of her overtime hours, but was often told to clock out and continue working, both in the office and at home in the evenings and on the weekends.

34.

Defendants knew, or showed reckless disregard for the fact that they accordingly failed to pay Plaintiff and the FLSA Collective overtime at the required rate under the Fair Labor Standards Act.

35.

Defendant Justin Miller is an attorney at Morgan & Morgan's Atlanta office.

36.

Defendant Justin Miller had discretion over Plaintiff's working hours, employment status, and overtime compensation.

37.

Defendant Justin Miller acted both directly and indirectly in the interest of Morgan & Morgan and was in a supervisory position over Plaintiff.

38.

Morgan & Morgan is an "employer" within the definition of FLSA §3(d), 29 U.S.C. §203(d).

39.

M&M Management is an "employer" within the definition of FLSA §3(d), 29 U.S.C. §203(d).

40.

Defendant Justin Miller is an "employer" within the definition of FLSA §3(d), 29 U.S.C. §203(d).

41.

Defendants are governed by and subject to FLSA §§ 6-7, 29 U.S.C. §§ 204, 206-207.

42.

The minimum wage and overtime provisions of the FLSA, 29 U.S.C. § 201,

et. seq., apply to Defendants and protect Plaintiffs.

## Violation of the Overtime Wage Requirement
## of the Fair Labor Standards Act.

43.

Defendants, individually and collectively, jointly and severally, have violated FLSA § 7, 29 U.S.C. § 207, by failing to pay overtime wages for time that Plaintiff worked in excess of forty (40) hours in a workweek.

44.

Pursuant to FLSA §16, 29 U.S.C. §216, Plaintiff brings this lawsuit to recover unpaid wages, overtime wage differential, liquidated damages in an equal amount, attorneys' fees, and the costs of this litigation.

## Prayer for Relief

**WHEREFORE**, Plaintiff and the FLSA Collective respectfully request that this Court:

(A)    Grant Plaintiff and the FLSA Collective a trial by jury as to all triable issues of fact;

(B)    Enter judgment awarding Plaintiff and the FLSA Collective unpaid overtime wages pursuant to the FLSA §§ 6, 7; 29 U.S.C. §§ 206, 207, liquidated damages as provided by 29 U.S.C. § 216, pre-judgment interest on unpaid wages pursuant to 29 U.S.C. § 216, and court costs, expert witness fees, reasonable attorneys' fees as provided under FLSA § 16 and

all other remedies allowed under the FLSA;

(C)     Grant declaratory judgment declaring that Plaintiff's rights and the rights of

the FLSA Collective have been violated; and

(D)     Award Plaintiff and the FLSA Collective such further and additional relief

as may be just and appropriate.

Respectfully submitted this 14th day of May, 2015.

**THE SHARMAN LAW FIRM LLC**

/s/ Paul J. Sharman
PAUL J. SHARMAN
Georgia State Bar No. 227207

The Sharman Law Firm LLC
11175 Cicero Drive, Suite 100
Alpharetta, GA 30022
Phone: (678) 242-5297
Fax: (678) 802-2129
Email: paul@sharman-law.com

Counsel for Plaintiffs