## SETTLEMENT AGREEMENT, COVENANT NOT TO SUE, AND GENERAL RELEASE

THIS SETTLEMENT AGREEMENT, COVENANT NOT TO SUE, AND GENERAL RELEASE ("Agreement") is made and entered into by, between and among SHERYL KOLACKI (the "Plaintiff"), on the one hand, and MORGAN & MORGAN ATLANTA PLLC, MORGAN & MORGAN ATLANTA MANAGEMENT, INC. and JUSTIN MILLER (the "Company" or the "Defendants"), on the other hand, (all together, "the Parties").

## WITNESSETH

WHEREAS, the Plaintiff asserted various claims against the Defendants in the Complaint styled *Sheryl Kolacki, individually and on behalf of others similarly situated adv. Morgan & Morgan Atlanta PLLC, Morgan & Morgan Atlanta Management, Inc. and Justin Miller*, Case No: 1:15-cv-1716-SCJ filed in the United States District Court in the Northern District of Georgia, Atlanta Division (the "Litigation"); and

WHEREAS, the Parties desire to settle fully and finally all the Plaintiff's differences, including those embodied in the Complaint, which settlement constitutes the good faith settlement of those claims;

NOW, THEREFORE, in consideration of these premises and mutual promises, covenants and agreements stated herein, and other good and valuable consideration, the Plaintiff and the Defendants agree as follows:

1. **Dismissal:** Within ten (10) days of the execution of this Agreement, the Parties agree to file a Joint Motion to Approve Settlement Agreement and, upon approval, seek the Court's dismissal of this Litigation with prejudice.

2. **Consideration:**

(a)    The Company will pay to Plaintiff, within ten (10) days of the filing of the dismissal, a total of Thirty Thousand Dollars ($30,000.00) which will be allocated as follows: Eleven Thousand Two Hundred and Fifty Dollars ($11,250.00) to Plaintiff as unpaid wages and subject to withholding; Eleven Thousand Two Hundred and Fifty Dollars ($11,250.00) will be allocated to Plaintiff as liquidated damages and subject to 1099 reporting, and the remaining Seven Thousand Five Hundred Dollars ($7,500.00) will be issued to The Sharman Law Firm, LLC as attorney's fees. Plaintiff agrees to indemnify and hold the Company harmless for any and all subsequent imposition of taxes, penalties and interest by the IRS to the Company.

(b)    The payments described in 2(a) above shall constitute full payment of all of Plaintiff's claims for damages, including attorneys' fees and costs, though the Company specifically denies having been the lawful cause of any claimed injury to Plaintiff.

(c)    Plaintiff acknowledges that she will receive the amounts outlined in 2(a) from the Company as sufficient and adequate consideration for entering into this Agreement.

3. **Release:**

After consultation with her legal counsel, Plaintiff acknowledges and agrees that her claim for unpaid overtime compensation under the Fair Labor Standards Act is subject to a bona fide dispute with the Company and that the compensation provided for herein equals or exceeds (i) all amounts due as wages under the Fair Labor Standards Act, including minimum wage and overtime pay; and (ii) all amounts recoverable as liquidated damages under the Fair Labor Standards Act; and (iii) all amounts Plaintiff has paid or is required to pay in attorney fees and costs.

As such, Plaintiff hereby releases and discharges the Company and the Company's current and former directors, officers, shareholders, attorneys, trustees, agents, representatives, and employees, and each of their predecessors, successors, and assigns, all both individually and in their official capacities from, and covenants not to sue the Company, with respect to all claims related to unpaid wages, that she or her heirs, executors, administrators, successors, and assigns now have, ever had or may hereafter have, whether known or unknown, suspected or unsuspected, up to and including the date of this Agreement..

4. **Non-Admission of Liability:** The Parties have entered into this Agreement in order to avoid the substantial costs, inconvenience, and uncertainties of litigation. The execution of this Agreement shall not constitute an admission by any Party of a violation of any federal, state or local statute, ordinance, rule, regulation or common law or that any claim had any merit whatsoever.

5. **No Re-Application for Employment:** The Plaintiff agrees to waive her right to apply for, or otherwise attempt to obtain work or employment directly with the Company or indirectly through any entity providing employees or contractors to the Company. The Plaintiff further agrees that the Company will not at any time be under any obligation to employ her or contract with her for work. The Plaintiff further agrees that should she make any application in violation of this paragraph, the Company shall have no obligation to process that application or to hire her, and that failure to process the application or hire her shall not constitute a violation of any local, state or federal law, order or regulation. Further, if the Plaintiff is unknowingly hired, the Company may end her employment or contract work with no further liability of any kind to the Plaintiff.

6. **Non-Disparagement:** The Plaintiff will not disparage the Company, any related companies, their directors, shareholders, officers, employees, or former employees. Additionally, the Plaintiff shall not assist or encourage, directly or indirectly, any claims against the Company or any of the persons or entities described above.

7. **Neutral Job Reference:** The Company agrees that all inquiries from potential employers will be satisfied with the provision of dates of employment and position(s) held by Plaintiff.

8. **No Knowledge of Illegal Activity:** Plaintiff acknowledges that she has no knowledge of any actions or inactions by any of the Defendants or by Plaintiff that Plaintiff believes could

possibly constitute a basis for a claimed violation of any federal, state, or local law, any common law or any rule promulgated by an administrative body.

9. **Notice of Disclosure:** If someone should subpoena or order the Plaintiff to disclose this Agreement, she shall notify the Company by mail or by calling within two (2) days of receiving the subpoena or order and before responding to such subpoena or order.

10. **No Assignment:** The Plaintiff warrants that she has not assigned, sold, subrogated, transferred or conveyed to anyone any causes of action, claims or demands that she now has or ever had against the Company, and she hereby agrees to defend entirely at her own expense and to fully reimburse and forever hold harmless the Company from any and all causes of action, claims or demands that may be brought against any of them by anyone to whom the Plaintiff has assigned, sold, subrogated, transferred or conveyed any causes of action, claims or demands, whether they are asserted by third-party complaint, cross-claim or otherwise, or whether they are asserted for indemnity, contribution or otherwise.

11. **Waiver of Term, Provision or Condition:** The waiver by a Party of a violation of any provision of this Agreement by any other Party shall not operate or be interpreted as a waiver of any later violation of that provision or any other provision.

12. **Binding Effect of Agreement:** The rights and obligations of the Parties under this Agreement shall inure to the benefit of and shall be binding upon their heirs, successors, and assigns.

13. **Modifications:** This Agreement may not be altered, amended, modified, or terminated except by a writing executed by the Parties and/or their authorized representatives.

14. **Voluntary Execution:** The Parties acknowledge that they have either been represented by legal counsel of their own choice or had the opportunity to be represented by legal counsel throughout all negotiations which preceded the execution of this Agreement, have signed this Agreement having had the benefit of the advice of such legal counsel or after being given the opportunity to seek advice of legal counsel, and knowingly and voluntarily, of their own free will without any duress, being fully informed and after due thought, accepted the terms of and signed this Agreement of their own free will.

15. **Drafting**: This Agreement shall be construed without regard to any presumption or other rule requiring construction against the party who caused it to be drafted.

16. **Entire Agreement:** The Parties represent and acknowledge that in executing this Agreement, that she or it does not rely and has not relied upon any representation or statement made by any Party or the agents, representatives or attorneys of any other Party with regard to the subject matter, basis or effect of this Agreement or otherwise. The Parties agree that this written Agreement constitutes the entire agreement between them.

17. **Authorization:** The Plaintiff and the Defendants each represent and warrant that the individuals executing this Agreement are authorized to do so.

18. **Governing Law:** This Agreement is made and entered into in the State of Georgia and shall be interpreted, construed, and enforced in accordance with the laws of the State of Georgia and before the federal or state courts located in Georgia.

19. **Severability:** To the extent that any provisions of this Agreement shall be deemed by any court to be unenforceable, such provision shall be deemed modified or omitted to the extent necessary to make the remaining provisions enforceable.

20. **Original Agreement:** This Agreement may be executed by the Parties in separate counterparts, each of which may be deemed to constitute an original, and a copy of this Agreement, if sent by email or facsimile, shall have the same force and effect as an original document..

21. **Breach of Agreement:** In the event it is necessary for any Party to retain the services of an attorney or to initiate legal proceedings to enforce the terms of this Agreement, the prevailing party or parties shall be entitled to recover from the non-prevailing party or parties, all costs of such enforcement, including reasonable attorney's fees and including trial and appellate proceedings.

[The remainder of this page intentionally left blank.]

IN WITNESS WHEREOF, and intending to be legally bound by the terms of this Agreement, the Parties have executed the foregoing SETTLEMENT AGREEMENT, COVENANT NOT TO SUE, AND GENERAL RELEASE on the dates set forth below:

_____  
Sheryl Kolacki

2/24/16  
Date

Morgan & Morgan Atlanta, PLLC

By: _____  
Its: Managing Partner/Shareholder

2/20/16  
Date

Morgan & Morgan Atlanta Management, Inc.

By: _____  
Its: President

2/20/16  
Date

_____  
Justin Miller

2/23/16  
Date

5